Filed 8/7/23  P. v. Vansteen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA RAY VANSTEEN,<br><br>Defendant and Appellant. | C096924<br><br>(Super. Ct. No. 17F3715) |

Appointed counsel for defendant Joshua Ray Vansteen filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

# I. BACKGROUND

The prosecution charged defendant with possession of a controlled substance for sale (Health & Saf. Code, § 11378), transportation of a controlled substance for sale (Health & Saf. Code, § 11379, subd. (a)), interception and use of police radio communications (Pen. Code, § 636.5), and false evidence of vehicle registration (Veh. Code, § 4462.5).

Defendant filed a motion to suppress evidence under Penal Code section 1538.5, arguing evidence of the offenses was obtained in an illegal search of his vehicle. The trial court denied the motion.

Defendant pled no contest to the transportation of a controlled substance for sale count. The prosecution dismissed the other counts and the parties stipulated to the factual basis in the police report, which explained a police officer had pulled defendant over for false registration. The officer used a narcotics detection dog, and the dog alerted to a backpack containing an electronic safe. Inside the safe, the officer found a baggie with 17.3 grams of methamphetamine, a digital scale, and additional baggies. The officer also found a police scanner, a counterfeit money scanner, another digital scale, and a large amount of cash. As part of the plea agreement, defendant would be placed on formal probation with 90 days in county jail.

Defendant entered a *Cruz*[1] waiver, then failed to appear for probation and for his sentencing hearing. He stipulated to a violation of the waiver. On February 14, 2019, the court suspended imposition of sentence and placed defendant on a three-year term of probation with 120 days in county jail. The court imposed various fines and fees detailed in the written probation order.

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247.

Defendant filed a notice of appeal and challenged the order denying the suppression motion. This court affirmed the judgment. (*People v. Vansteen* (Feb. 18, 2020, C088939) [nonpub. opn.].)

Defendant violated probation. On January 16, 2020, defendant admitted the violation and the court revoked, then reinstated, probation with 90 days in county jail.

Defendant violated probation again approximately four months later. At the April 7, 2021, probation violation hearing, defendant admitted the violation and the court again revoked, then reinstated, probation with 60 days in county jail. The parties also discussed the term of probation under the newly effective Assembly Bill No. 1950 (2019-2020 Reg. Sess.), which, among other things, limited the maximum term of probation for felony offenses to two years. (Stats. 2020, ch. 328, § 2.) The court agreed with the parties that because the term of probation would have been tolled for the current probation violation, probation would end on October 26, 2021.

On October 13, 2021, probation filed a petition alleging another probation violation. The court held a contested probation violation hearing on July 28, 2022, and sustained the allegation. Defendant challenged the jurisdiction of the court to hold the hearing, saying the probation term had expired. The court concluded the probation term still had seven months remaining because the term had been tolled each time a probation violation was pending.

At the September 8, 2022, sentencing hearing, the court restated its conclusions as to the remaining term, revoked and reinstated probation, and imposed a 90-day sentence in county jail. Defendant filed a notice of appeal.

One month later, the trial court noticed a hearing to recall and resentence defendant under Penal Code section 1172.1. At the hearing, the court stated it had erred in its sentencing decision. After reviewing the record, the court noted that at the April 7, 2021, hearing, it had changed the term to end on October 26, 2021, and calculated defendant's remaining probation term by tolling only the time pending for the most

recent probation violation petition. At the most recent sentencing hearing, however, the court had "reach[ed] back" and tolled the term for the earlier probation violation petitions, as well, which the court determined was improper. Accordingly, the court revoked and terminated probation, finding defendant was time served.

## II.  DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____
RENNER, J.

We concur:

/S/

_____
EARL, P. J.

/S/

_____
HULL, J.

4